UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRIAN ERIC HESTER**, individually and on behalf of all others similarly situated, *Plaintiffs*, | § § § § | |
| | § | CIVIL ACTION   15-3346 |
| vs. | § § | |
| **BURROW GLOBAL SERVICES, LLC** and **BURROW GLOBAL, LLC** | § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT, COLLECTIVE CITATION & JURY DEMAND

**Plaintiff Brian Eric Hester** files this Complaint against Defendants **Burrow Global Services, LLC** (hereinafter referred to as **"BGS"** or collectively with the other defendant as "Defendants ") and **Burrow Global, LLC** (hereinafter referred to as **"BG,"** or collectively with the other defendant as "Defendants ").

1.  Congress created the Fair Labor Standards Act of 1938 ('FLSA") to be remedial and humanitarian and to cure situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve these goals, the FLSA establishes minimum wage and overtime requirements for employees. 29 U.S.C. §§ 206, 207. These requirements, combined with the enforcement provisions contained within the FLSA, prevent employers from stealing wages from the very people they suffered or permitted to work. See 29 U.S.C. § 203(g).

2.  Plaintiff Brian Eric Hester, individually and on behalf of all others similarly situated ("Plaintiff"), brings this lawsuit against Defendants Burrow Global Services, LLC and Burrow

Global, LLC for breach of contract and for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*

## I.
### OVERVIEW

3. This is a collective action to recover unpaid minimum wages and overtime wages under the FLSA, in addition to being a breach of contract action for non-payment of overtime pay.

4. Plaintiff and the proposed Putative Class Members are current and former employees of Defendants who were paid a day rate for hours worked. When considered with the number of hours worked, the payment was not sufficient to compensate Plaintiffs at the mandated minimum wage. 29 U.S.C. § 206. Further, the payment was not sufficient to compensate Plaintiff pursuant to the contractual agreement with Brian Eric Hester.

5. Additionally, Defendants regularly required and/or permitted Plaintiff and the proposed Putative Class Members to work in excess of forty (40) hours per week without receiving overtime compensation. Accordingly, Plaintiff brings this action on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation under the FLSA. 29 U.S.C. § 216(b). Defendants conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. See 29 .S.C. § 207(a). Further, Plaintiff has a contractual agreement with BGS which requires him to be paid time and a half for all time over 40 hours per week.

## II.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiffs claims arise under sections 206(a) and 207(a)(l) of the FLSA. 29 U.S.C. §§ 206(a) and 207(a)(1).

7. Venue is proper in the Southern District of Texas, because a substantial portion of the events forming the bases of this suit occurred in this District. See 28 U.S.C. § 1391(a). Defendants do business in this District and the violations took place while Plaintiff worked in this District.

## III.

## PARTIES

8. Plaintiff Brian Eric Hester is an individual residing in Harris County, Texas. Defendant BGS, which is a wholly owned subsidiary of parent company Burrow Global, LLC, employed Plaintiff Hester within the meaning of the FLSA during the relevant three year period. Plaintiff Hester worked for Defendants and he did not receive overtime compensation or benefits for hours worked in excess of forty (40) per week.

9. Putative Class Members are pipe draftsmen and all other non-exempt persons employed by Defendants from at least February 11, 2013 to the time notice is issued who worked more than 40 hours in at least one work week.

10. Defendant Burrow Global Services, LLC is a domestic for-profit company, which has its principal place of business at 6200 Savoy Dr, Suite 800, Houston, TX 77036, and it may be

served with process by and through its registered agent Don Knight, 8100 Washington Ave., Suite 1000, Houston, Texas 77007.

11. Defendant Burrow Global, LLC is a domestic for-profit company which has its principal place of business at 350 Pine. St., Suite 1100, Beaumont, TX 77701, which may be served with process by and through its registered agent Don Knight, 8100 Washington Ave., Suite 1000, Houston, Texas 77007.

## IV.

## FLSA COVERAGE

12. At all material times Burrow Global Services, LLC and Burrow Global, LLC have been an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA.

13. At all material times, Burrow Global Services, LLC and Burrow Global, LLC have been an enterprise within the meaning of 29 U.S.C. § 203(r) of the FLSA.

14. At all material times, Burrow Global Services, LLC and Burrow Global, LLC have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA because they had employees engaged in commerce.

15. Burrow Global Services, LLC and Burrow Global, LLC have had and continue to have, an annual gross business volume in excess of the FLSA's requirement.

16. During the relevant time period, Burrow Global Services, LLC and Burrow Global, LLC created, ratified, and implemented its unlawful payment scheme. Thus, Defendants have acted directly or indirectly as an employer with respect to the named Plaintiff and the Putative Class Members who are those employees similarly situated within the meaning of the FLSA.

17. At all material times, Plaintiff was a nonexempt employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Defendant Burrow Global, LLC is the parent company of Burrow Global Services, LLC and controlled it's operations, payments of salaries, nature of and pay structure, and the employment relationship of the Plaintiff and the Putative Class Members employees.

19. Burrow Global, LLC and of Burrow Global Services, LLC had, at all relevant times, the authority to hire and fire Plaintiff and the Putative Class Members employees, the authority to direct and supervise the work of Plaintiff and the Putative Class Member employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding Plaintiff and the Putative Class Member employee compensation and capital expenditures.

20. As such, under 29 U.S.C. § 203(d), Burrow Global, LLC and of Burrow Global Services, LLC acted directly or indirectly in the interest of Plaintiff's and the Putative Class Member's employment as his and their employer, which make Burrow Global, LLC and of Burrow Global Services, LLC liable under the FLSA.

21. Plaintiff and the proposed Putative Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential members sought to be certified under 29 U.S.C. § 216(b) is defined as: EVERY INDIVIDUAL EMPLOYED BY DEFENDANTS INCLUDING AS A PIPING DESIGNER DURING THE PAST THREE YEARS. ("Putative Class Members.")

22. The precise size and identity of the Putative Class Members should be ascertainable from Defendants' business records, tax records and/or employee or personnel records and related affiliates.

## V.

## FACTS

23. Defendants operate as an engineering and related services business in and around the state of Texas.

24. Defendants employed Plaintiff as a piping designer, and the Putative Class Members as piping designers and other crafts.

25. Plaintiff and the Putative Class Members' job duties included, among other things, drawing piping and support structures for use and sale to Defendants' customers.

26. Plaintiff and the Putative Class Members were non-exempt employees who performed manual labor.

27. Defendants paid Plaintiff and the Putative Class Members a weekly rate for all hours worked per work-week.

28. When considering the number of hours worked compared to their weekly rate of pay, Defendants did not pay Plaintiff and the Putative Class Members minimum wages.

29. Defendants required that Plaintiff and the Putative Class Members work more than forty (40) hours per work-week, and they did work more than forty (40) hours per work-week.

30. Defendants did not pay time and a half for hours worked over forty (40) to Plaintiff or the Putative Class Members.

31. Defendants method of paying Plaintiff and the Putative Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

32. Defendants required Plaintiff and the Putative Class Members to work over forty (40) hours per week without being paid overtime compensation with the sole intent to avoid paying them in accordance with the FLSA.

33. Plaintiff has actual knowledge, through conversations with his co-workers, that a class of similarly situated Putative Class Members exists who have been subjected to Defendants policy of not paying the overtime rate for all hours worked over forty (40) hours per week.

34. The Putative Class Members are similarly situated to Plaintiff in that they are all employees and/or piping designers working for Defendants, who were paid a weekly rate, who worked over forty (40) hours per work-week and they were denied minimum wage or overtime compensation.

35. Defendants failure to pay minimum wage and overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Putative Class Members.

36. Like Plaintiff, all of the Putative Class Members are entitled to receive minimum wage and overtime compensation.

37. The claims of all Putative Class Members arise from a common nucleus of fact. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Putative Class Members.

38. Although the exact amount of damages may vary among the individual Putative Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

39. Plaintiff has filed this lawsuit on behalf of himself and the Putative Class Members to recover unpaid minimum wages, overtime wages and benefits.

40. Plaintiff and Defendants have a contractual agreement where by Defendants agreed to pay Plaintiff a specific hourly wage for time worked up to 40 hours per week, plus time and one-half for all time worked over 40 hours per week.

## VI.

### **CAUSE OF ACTION -VIOLATION OF 29 U.S.C. § 206**

41. Plaintiff incorporates all allegations contained in the foregoing paragraphs by reference as if set forth fully herein.

42. Defendants failed to pay Plaintiff and the Putative Class Members at the required minimum wage rate, which violates 29 U..C. § 206.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or the Plaintiff and the Putative Class Members.

44. Defendants failure to pay minimum wages to Plaintiff and Putative Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged constitutes a willful violation within the meaning of the FLSA.

45. Because of the Defendants FLSA violations, Plaintiff and the Putative Class Members seek to recover from Defendants, his and their unpaid minimum wage pay, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs and disbursements of this action.

VII.

## CAUSE OF ACTION -VIOLATION OF 29 U.S.C. § 207

46. Plaintiff incorporates all allegations contained in the foregoing paragraphs by reference as if set forth fully herein.

47. Defendants failed to pay Plaintiff and the Putative Class Members for all time worked in excess of 40 hours per work-week at a rate not less than one and one-halftimes his and their regular rate of pay, which violates 29 U.S.C. § 207.

48. None of the exemptions provided by the FLSA regulating the duty of employer to pay overtime at a rate not less than one and one-halftimes the regular rate at which its employees are paid are applicable to Defendants or the Plaintiff and the Putative Class Members.

49. Defendants failure to pay overtime to Plaintiff and Putative Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

50. Due to the Defendants FLSA violations, Plaintiff and the Putative Class Members seek to recover from Defendants, his and their unpaid overtime compensation, an additional equal amount as liquidated damages reasonable attorneys' fees, costs and disbursements of this action, under 29 U.S.C. § 216(b).

## VIII.

## CAUSE OF ACTION - BREACH OF CONTRACT

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs by reference as if set forth fully herein.

52. Defendants failed to pay Plaintiff for all time worked in excess of 40 hours per work week at a rate not less than one and one-halftimes his regular rate of pay, which violates the contractual agreement between them.

53. All conditions precedent to the filing of this action have occurred.

54. Due to the Defendants' breach of contract, Plaintiff seeks to recover from the Defendants for his unpaid overtime compensation, reasonable attorneys' fees and costs.

## IX.

## DAMAGES

55. Plaintiff and the Putative Class Members are entitled to recover their unpaid minimum wage compensation.

56. Plaintiff and the Putative Class Members are entitled to recover their unpaid overtime compensation.

57. Plaintiff and the Putative Class Members are also entitled to an amount equal to all of his and their minimum wage and overtime compensation as liquidated damages.

58. Plaintiff and the Putative Class Members are entitled to recover his and their attorney's fees and costs as required by the FLSA, and for their breach of contract under Texas Civil practice & Remedies Code § 38.001 *et seq.*

## X.

## JURY DEMAND

59. Plaintiff and the Putative Class Members hereby demand a trial by jury.

## XI.

## PRAYER

60. Plaintiff and the Putative Class Members ask for the following relief:

  a. An order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

  b. An Order pursuant to Section 216(b) of the FLSA finding Defendants liable to Plaintiff and the Putative Class Members for unpaid minimum wages and overtime premiums for three years preceding the filing of this complaint to the present.

  c. An Order finding that Plaintiff and the Putative Class Members are entitled to recover an equal amount of their unpaid minimum wages and overtime premiums as liquidated damages.

  d. An Order awarding attorneys' fees, costs and disbursements along with pre- and post-judgment interest.

  e. An Order granting such other and further relief as may be necessary and appropriate, at law or in equity, general or special.

Respectfully submitted

**WEST & WEST, LLP**

By: _____
**Michael D. West**
Texas State Bar No.: 00785220
Federal Bar No.: 15423
Attorney-in-Charge for Plaintiff
3818 Fox Meadow
Pasadena, Texas 77504
Tel: (713) 222-9378
Fax: (713) 222-9397
Email: mdw@westandwest.com